1   SHARON L. ANDERSON (SBN 94814)
    County Counsel
2   JASON W. MAUCK (SBN 255133)
    Deputy County Counsel
3   COUNTY OF CONTRA COSTA
    651 Pine Street, Ninth Floor
4   Martinez, California 94553
    Telephone:   (925) 335-1800
5   Facsimile:   (925) 335-1866
    Electronic Mail: jason.mauck@cc.cccounty.us
6

7   Attorneys for Defendants
    CONTRA COSTA COUNTY, JANE T. HIMMELVO,
8   JESSICA HAMILTON, PAUL MANAUT,
    VUTHY SEAN JENKINS, SAMIRA A. ADAAN,
9   KIRBY BRACKEL and ALLEN DE LA CRUZ

10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13   NICHOLAS JACOBSON,                  No. C19-01716 WHA

14              Plaintiff,               DEFENDANTS CONTRA COSTA COUNTY,
                                         JANE T. HIMMELVO, JESSICA HAMILTON,
15   v.                                  PAUL MANAUT, VUTHY SEAN JENKINS,
                                         SAMIRA A. ADAAN, KIRBY BRACKEL
16   CONTRA COSTA COUNTY, JANE T.        AND ALLEN DE LA CRUZ'S MOTION TO
     HIMMELVO, JESSICA HAMILTON,         DISMISS COMPLAINT; MEMORANDUM
17   PAUL MANAUT, VUTHY SEAN             OF POINTS AND AUTHORITIES
     JENKINS, SAMIRA A. ADAAN,
18   KIRBY BRACKEL, ALLEN E. DE LA
     CRUZ, and DOES 1-20,
19                                       Date:       July 25, 2019
                Defendants.              Time:       8:00 a.m.
20                                       Crtrm:      12, 19th Floor
                                         Judge:      Hon. William Alsup
21                                       Action Filed: April 2, 2019
                                         Trial Date:  None Assigned
22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES  - Case No. 19-01716

1

<u>TABLE OF CONTENTS</u>

2   NOTICE OF MOTION AND MOTION............................................ 1

3   MEMORANDUM OF POINTS AND AUTHORITIES............................. 2

4   I.    INTRODUCTION. ..................................................... 2

5   II.   ISSUES TO BE DECIDED. .............................................. 2

6   III.  APPLICABLE FACTUAL ALLEGATIONS. ................................. 3

7   IV.   PROCEDURAL HISTORY.............................................. 4

8   V.    LEGAL ARGUMENT IN SUPPORT OF MOTION TO DISMISS. .............. 4

9         A.   Legal Pleading Standards. ......................................... 4

10        B.   The ADA and RA Causes of Action are Barred by Res Judicata. ............ 5

11        C.   The ADA and RA Causes of Action are Not Sufficiently Pled............ 7

12        D.   The ADA and RA Do Not Support a Claim for Medical Malpractice. ........ 8

13        E.   The Plaintiff's State Law Claims are Barred by the CGCA. ................ 9

14             1.   The Statute of Limitations Has Lapsed as to the Medical
                     Malpractice Claim Against the Defendants. ...................... 9
15
16             2.   The CGCA Claim Is Insufficient to Support the Cause of Action
                     Against All Defendants for All Alleged Malpractice................ 10

17  VI.   CONCLUSION..................................................... 11

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

<u>Cases</u>

3   *Allen v. McCurry*, 449 U.S. 90 (1980)............................................. 5

4   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ..................................... 5

5   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). ...................... 5

6   *Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1996)........................ 8, 9

7   *Burger v. Bloomberg*, 418 F.3d 882 (8th Cir. 2005). .................. 8

8   *Calloway v. Contra Costa Cty. Jail Corr. Officers*, 2007 U.S. Dist. LEXIS 3038
    (N.D. Cal. Jan. 16, 2007)................................................ 8

9   *City of Stockton v. Superior Court* (2007) 42 Cal. 4th 730. ........ 9

10  *Donohue v. State of California*, 178 Cal. App. 3d 795 (1986). ...... 10

11  *Duvall v. Cty. of Kitsap*, 260 F.3d 1124 (9th Cir. 2001). ............ 7

12  *Federated Dep't Stores v. Moitie*, 452 U.S. 394 (1981). ............ 5

13  *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134 (10th Cir. 2005). ...... 8

14  *Grzan v. Charter Hosp. of Northwest Indiana*, 104 F.3d 116 (7th Cir. 1997)... ............ 8

15  *Hill v. City of Clovis*, 63 Cal. App. 4th 434 (1998)....................... 10

16  *Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978 (1998)............. 2, 10

17  *Memmer v. Marin Cty. Courts*, 169 F.3d 630 (9th Cir. 1999)......................... 7

18  *Nelson v. State of California* (1982) 139 Cal. App. 3d 72..................... 2

19  *Nelson v. State of California*, 139 Cal. App. 3d 72 (1982). ............ 11

20  *NL Indus., Inc. v. Kaplan*, 792 F.2d 896 (9th Cir. 1986)................. 4

21  *Papasan v. Allain*, 478 U.S. 265 (1986). ................................ 5

22  *Rosado v. Alameda*, 2005 U.S. Dist. LEXIS 3341 (S.D. Cal. Feb. 8, 2005)................ 8

23  *Shelton v. Superior Court*, 56 Cal. App. 3d 66 (1976). ............... 11

24  *Simmons v. Navajo Cty.*, 609 F.3d 1011 (9th Cir. 2010)................ 8

25  *Stewart v. United States Bancorp*, 297 F.3d 953 (9th Cir. 2002). .......... 6, 7

26  *Thompson v. Davis* 295 F.3d 890 (9th Cir. 2002). ..................... 7

27  *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041 (9th Cir. 1999). ................ 5

28

<u>Statutes and Rules</u>

California Government Code Section 910. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

California Government Code Section 945.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

California Government Code Section 945.6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

California Government Code Section 950.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Federal Rule of Civil Procedure 8(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rule of Civil Procedure 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

Federal Rule of Civil Procedure 41. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-7

1

**<u>NOTICE OF MOTION AND MOTION</u>**

2

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that on July 25, 2019, at 8:00 a.m., or as soon thereafter as

4   the matter may be heard in Courtroom 12, 19th Floor, of the above-entitled court, located at

5   450 Golden Gate Avenue, San Francisco, California 94102, the honorable William Alsup

6   presiding, defendants Contra Costa County, Jane T. Himmelvo, M.D., Jessica Hamilton, M.D.,

7   Paul Manaut, N.P., Vuthy Sean Jenkins, R.N., Samira A. Adaan, L.V.N., Kirby Brackel and

8   Allen De La Cruz will and hereby do move this Court for an order under Federal Rule of Civil

9   Procedure 12(b)(6) dismissing certain parties and causes of action from plaintiff's complaint

10  (ECF. No. 1, "Comp."), on the following grounds:

11      1.      Plaintiff's claims under the Americans with Disabilities Act ("ADA") and the

12  Rehabilitation Act ("RA") are barred by res judicata;

13      2.      Plaintiff's inadequate medical care claims are not an ADA or RA violation;

14      3.      Plaintiff's state law claim is time barred by the California Government Claims

15  Act ("CGCA"); and

16      4.      Even if not time barred, plaintiff's state law claim is limited to issues with the

17  administration of insulin.

18      This motion is supported by this notice, the memorandum of points and authorities, all

19  the papers and records on file in this action, and such other materials as may be submitted at or

20  before the hearing on the motion.

21   DATED:  June 14, 2019              SHARON L. ANDERSON
                                        COUNTY COUNSEL
22

23

24                                      By: _____/s/ Jason W. Mauck_____
                                            JASON W. MAUCK
25                                          Deputy County Counsel
                                            Attorneys for Defendants
26                                          CONTRA COSTA COUNTY, JANE T.
                                            HIMMELVO, JESSICA HAMILTON,
27                                          PAUL MANAUT, VUTHY SEAN
                                            JENKINS, SAMIRA A. ADAAN, KIRBY
28                                          BRACKEL and ALLEN DE LA CRUZ

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.   INTRODUCTION**

After a car accident on June 21, 2017, the plaintiff was transferred from "Sutter Hospital" to the Martinez Detention Facility ("MDF"), a Contra Costa County (the "County") jail, where he currently awaits trial on a murder charge.[1]  Plaintiff was admitted to MDF with a broken back as a result of the car accident, which allegedly required surgery and caused him constant pain.  Plaintiff claims that this back injury, which was no fault of anyone at MDF, is the basis for a disability claims against the County under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").  However, case law makes clear that the plaintiff's claim is categorically barred by res judicata based on this Court's previous dismissal of the same causes of action in a previous lawsuit between the parties.  Even if the claims are not barred by res judicata, there is no disability discrimination claim in the provision of medical care as pled, and the ADA and RA are not substitutes for a medical malpractice claim.

Additionally, plaintiff's state law negligence claim is time barred.  Under the California Government Claims Act ("CGCA"), a claimant only has six months to file a lawsuit against a public entity or its employees after a claim is denied.  Cal. Gov't Code § 945.6(a).  Notice of the denial of the plaintiff's claim was mailed on January 9, 2018.  Request for Judicial Notice ("RJN"), Ex. A.  After dismissing the previous action (Case No. 3:18-cv-04070-WHA), plaintiff failed to file the present action within the six month window to bring an action against a public entity, barring his state law claims.  *Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 985 (1998).  If the matter is somehow not time barred by operation of the CGCA, the plaintiff's claims are limited to those allegations and issues raised in his CGCA claim.  *Nelson v. State of California* (1982) 139 Cal. App. 3d 72, 79.

**II.   ISSUES TO BE DECIDED**

1.   Is the plaintiff barred from bringing an action under the ADA and RA?

//

---

[1]  Nate Gartrell, *Concord: Murder suspect ID'd, charged in Saturday shooting*, East Bay Times, (June 21, 2017), https://www.eastbaytimes.com/2017/06/21/concord-murder-suspect-idd-charged-in-saturday-shooting/

2.      Are the allegations in the complaint sufficient to support an ADA or RA cause of action?

3.      Are the plaintiff's state law claims barred by the CGCA?

4.      If the state law claims are not barred, are they limited to the scope of the claim presented to the County?

## III.    APPLICABLE FACTUAL ALLEGATIONS[2]

Plaintiff alleges that he was transferred to MDF on June 21, 2017, after being released from a hospital following a car accident.  ECF 1, "Comp." ¶24.  The car accident resulted in a lumbar spinal fracture and surgery was "desperately needed" prior to admission at MDF.  Comp ¶39 - 40.  Plaintiff alleges that he could not walk "at times" (Comp. ¶53), although this is plead as being related to his pain levels (*Id*).  Plaintiff claims that he requested a back brace for "greater mobility," but was denied.  Comp. ¶42.  Plaintiff admits in his pleading that he was provided pain medication, and only suggests that it was in an insufficient amount.  Comp. ¶40.  Plaintiff alleges that his disability was related to his medical condition (Comp. ¶53), but also avers that he was not provided "adequate" assistive devices to help him cope with the pain (Comp. ¶54 - 55).  Based on the absence of those devices, plaintiff alleges that the County excluded him from "participation in or otherwise discriminated against with regard to services, programs, or activities provided by Defendant."  Comp. ¶66.  Plaintiff eventually received the requested surgery and can now walk.  Comp. ¶43 - 45.

Plaintiff's state law negligence claim alleges that the individual defendants and medical care providers "failed to meet the standard of care required by their profession."  Comp. ¶73.  The care at issue relates to allegedly mismanaging the plaintiff's diabetes (Comp. ¶26 - 38), inadequately treating the plaintiff's spinal fracture (Comp. ¶39-45), and not treating an infection allegedly caused by a burst cyst on his leg (Comp. ¶46 - 50).  In presenting his claim to the County pursuant to the CGCA, plaintiff only raised the issue of inadequate treatment of his diabetes.  *See* RJN, Ex. A.

---

[2] Defendants only challenge the ADA, RA, and state law negligence causes of action.  The factual synopsis is therefore limited to these issues.

IV.    **PROCEDURAL HISTORY**

Plaintiff filed a government claim on December 11, 2017 – which was rejected – and notice of the rejection was mailed on January 9, 2018.  Comp. ¶21.  Plaintiff filed his initial lawsuit on July 6, 2018, against the County and Does 1-12, Northern District Case number 18-04070 WHA (the "Related Case").  Defendant amended the Related Case complaint prior to any responsive pleading.  Related Case, ECF 12; RJN Ex. B. The County then moved to dismiss the first amended complaint on November 15, 2018.  Related Case, ECF 15.  The Court granted the County's motion to dismiss in part and denied it in part on January 14, 2019.  Related Case, ECF 23; RJN, Ex. C.  Specifically, the Court granted the motion as to the plaintiff's causes of action under the ADA, the RA and the California Disabled Persons Act.  The Court order stated that plaintiff could seek leave to amend the dismissed claims by January 31, 2019.  Plaintiff filed a second amended complaint on January 31, but did not file a motion for leave to amend until February 7, 2019.  Before the hearing on the motion for leave to amend, the plaintiff voluntarily dismissed his case without prejudice on March 4, 2019.

Plaintiff filed a near-identical complaint on April 2, 2019, Case Number 19-01716 (the "Instant Action"), which was ordered transferred to this Court on April 15, 2019, as this Court had overseen the Related Case.  The main distinction between the Instant Action and the Related Case is that the Instant Action alleges that the plaintiff complied with the Prison Litigation Reform Act,[3] allegations that were missing from the Related Case's complaints.

V.    **LEGAL ARGUMENT IN SUPPORT OF MOTION TO DISMISS**

A.    **Legal Pleading Standards**

A motion to dismiss should be granted if a plaintiff's complaint fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff.  *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include a "short and plain statement of the claim showing

---

[3] The Parties are attempting to stipulate to a briefing schedule for early summary judgment motions related to the PLRA.

1  that the pleader is entitled to relief," but must offer "more than labels and conclusions, and a

2  formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

3  *Twombly*, 550 U.S. 544, 555 (2007). "[C]ourts 'are not bound to accept as true a legal

4  conclusion couched as a factual allegation.'" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265,

5  286 (1986)). If a plaintiff's allegations do not bring his "claims across the line from

6  conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. "A

7  claim has facial plausibility when the plaintiff pleads factual content that allows the court to

8  draw the reasonable inference that the defendant is liable for the misconduct alleged."

9  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

10 **B.    The ADA and RA Causes of Action are Barred by Res Judicata[4]**

11     In the Related Case, plaintiff brought causes of action under the ADA and RA against

12 the County, which the County sought to dismiss. The Court granted the County's motion to

13 dismiss on January 14, 2019. Related Case, ECF 23; RJN, Ex. C. The plaintiff was not given

14 leave to amend, only instructed to file a motion for leave by January 31, 2019. *Id.* Rather than

15 seeking leave to amend, the plaintiff simply filed a second amended complaint on January 31.

16 Related Case, ECF 26. Seven days after the Court required the filing, the plaintiff moved to

17 file a second amended complaint. Related Case, ECF 28. On March 4, 2019, before the Court

18 determined whether leave should be granted, the plaintiff voluntarily dismissed his case,

19 leaving the court's order granting defendants' motion unaffected. Related Case, ECF 34.

20     Unless a dismissal order states otherwise, an involuntary dismissal operates as an

21 adjudication on the merits. Fed. R. Civ. Proc. 41. *See also Federated Dep't Stores v. Moitie*,

22 452 U.S. 394, 399 n.3 (1981). Under res judicata, a final judgment on the merits of an action

23 precludes the parties or their privies from relitigating issues that were or could have been

24 raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Res judicata applies when

25 there is: (1) an identity of claims; (2) a final judgment on the merits, and (3) identity or privity

26 //

27

28

---

[4] There is no significant difference in analysis of the rights and obligations created by the ADA and the RA. *Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999).

between parties." *Stewart v. United States Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("*Stewart*").

First, it is clear that the ADA and RA claims are the same between the Related Case and the Instant Action. *Compare* ECF 1, *with* Related Case, ECF 12 (attached to RJN as Ex. B). Second, this Court's order concerning the ADA and RA causes of action was on the merits; plaintiff was <u>not</u> granted leave to amend, only the ability to file a motion to seek amendment – relief which was never granted. Third, the matter is certainly between the same parties as the County was a defendant in the Related Case and is a defendant in the Instant Action.

The *Stewart* case is instructive here. The plaintiffs in *Stewart* brought two suits under the Employee Retirement Income Security Act of 1974 ("ERISA"); *Stewart I* was decided and dismissed one month before *Stewart II* was filed. The district court in *Stewart II* determined that plaintiffs' lawsuit was barred by res judicata because their claims could have been raised in *Stewart I*. The district court's order in *Stewart I* simply stated that "the action was dismissed and did not specify whether the suit was dismissed with or without prejudice." *Stewart*, 297 F.3d at 956. Plaintiffs in *Stewart II* asked the Ninth Circuit to reverse the district court's ruling on the ground that res judicata does not apply because the dismissal of *Stewart I* via motion to dismiss, "was not a decision on the merits." *Id.* at 955. In finding that the ERISA claim in *Stewart II* was barred, the Ninth Circuit pointed to the dismissal order in *Stewart I*, filed against the same defendants, which stated "(1) ERISA preempted Plaintiffs' state law claims, and (2) Plaintiffs had not pleaded the required elements for an ERISA claim." *Id.* at 955. The Ninth Circuit noted that "the two complaints arose out of the same 'operational nucleus of facts' and that Plaintiffs 'did not amend or seek leave to amend their [first] complaint to allege ERISA violations.'" *Id.* "Federal Rule of Civil Procedure 41(b) states that 'unless the court in its order for dismissal otherwise specifies, a dismissal … other than a dismissal for *lack of jurisdiction*, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.'" *Id.* at 956 (emphasis in original). In reviewing the district court's decision in *Stewart II*, the Ninth Circuit agreed that the original dismissal was an adjudication on the merits even though the dismissal did not state as much.

Because the ERISA claims could have been raised in *Stewart I*, and plaintiffs chose not to pursue them, the Ninth Circuit ruled that res judicata barred any ERISA claims in *Stewart II*, which were raised, or could have been raised, in *Stewart I*.  *Id.* at 959.

The Instant Action is no different than *Stewart*.  The ADA and RA claims were dismissed in the Related Case in response to the County's motion to dismiss, and Federal Rule of Civil Procedure, Rule 41 dictates that the dismissal was on the merits.  The plaintiff was not granted a right to amend, and the case was dismissed.  Because the ADA and RA claims were dismissed on their merits in the Related Case, they bar any ADA or RA claims in the Instant Action.  *Stewart* at 956.

## C.    The ADA and RA Causes of Action are Not Sufficiently Pled

Assuming, arguendo, the claims are not barred by res judicata, the plaintiff's ADA and RA claims fail to state a cause of action.  To state a claim of disability discrimination against a public entity, a plaintiff must allege four elements: "(1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis* 295 F.3d 890, 895 (9th Cir. 2002).

To recover monetary damages under Title II of the ADA (concerning public entities), or the RA, a plaintiff must prove intentional discrimination on the part of the defendant.  To show intentional discrimination, the plaintiff must show that the defendants were deliberately indifferent.  *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood.  *Id.* at 1139.  The plaintiff bears the burden of establishing an ADA violation and must establish the existence of specific reasonable accommodations that the defendant failed to provide.  *Memmer v. Marin Cty. Courts*, 169 F.3d 630, 633 (9th Cir. 1999).

The complaint in the Instant Action presents no specificity as to what services, programs or activities the plaintiff was denied due to his disability.  Furthermore, the complaint offers nothing as to what reasonable accommodation should have been provided to remedy the activity or service that the plaintiff was allegedly denied, beyond the suggestion that further medical care was required or that the staff at MDF was wrong about the amount of pain medication he needed.  The causes of action should indicate what services or programs were denied based on a real disability, and who was deliberately indifferent with the respect to the denial so that defendants are put on notice of what actions were discriminatory and what the plaintiff's request was beyond a general request for more medical care.

**D.    The ADA and RA Do Not Support a Claim for Medical Malpractice**

Even if the plaintiff could establish a cause of action under the ADA or RA, inadequate treatment or lack of medical treatment for plaintiff's medical conditions does not provide a basis for a liability under the ADA or RA.  *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."), *accord Simmons v. Navajo Cty.*, 609 F.3d 1011, 1022 (9th Cir. 2010); *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (medical treatment decisions are not a basis for ADA or RA claims); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (concluding that medical decisions are not ordinarily within the scope of the ADA); *Calloway v. Contra Costa Cty. Jail Corr. Officers*, 2007 U.S. Dist. LEXIS 3038, *108 (N.D. Cal. Jan. 16, 2007) (no ADA violation related to medical services because benefits and services plaintiff requested were for his disability, not that he was denied benefits and services because of his disability), citing to *Bryant*, 84 F.3d at 249; *Rosado v. Alameda*, 2005 U.S. Dist. LEXIS 3341, *6-7 (S.D. Cal. Feb. 8, 2005) ("The ADA does not create a federal cause of action for prisoners challenging the medical treatment provided for their underlying disabilities.") citing *Grzan v. Charter Hosp. of Northwest Indiana*, 104 F.3d 116, 121-22 (7th Cir. 1997).  As more fully discussed in *Bryant*:

> [I]ncarceration, which requires the provision of a place to sleep, is not a "program" or "activity." Sleeping in one's cell is not a "program" or "activity." Even apart from the prison setting it would be extremely odd to suppose that disabled persons whose disability is treated negligently have a federal malpractice claim by virtue of the Americans With Disabilities Act, whereas a sick or injured but not disabled person--a person suffering from an acute viral infection, perhaps, or who has broken

his leg, or who has a hernia or an inflamed gall bladder--must be content with the remedy that the state law of medical malpractice provides. Moreover, the courts have labored mightily to prevent the transformation of the Eighth Amendment's cruel and unusual punishments clause into a medical malpractice statute for prisoners. We would be exceedingly surprised to discover that Congress had made an end run around these decisions in the Americans With Disabilities Act.

*Bryant,* 84 F.3d at 249 (7th Cir. 1996).

The allegations at issue in the complaint revolve around inadequate medical treatment of the plaintiff, namely the amount of pain medication he received – they do not concern a denial of access, programs or services because of a disability. The ADA and RA are not a substitute for medical malpractice claims and the complaint pleads nothing to circumvent the well-settled rule separating medical malpractice from the ADA and RA. Therefore, the ADA and RA causes of action must be dismissed without leave to amend, if they are not already barred by res judicata.

### E.    The Plaintiff's State Law Claims are Barred by the CGCA

#### 1.    The Statute of Limitations Has Lapsed as to the Medical Malpractice Claim Against the Defendants

"[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim therefor has been presented to the public entity and has been acted upon or has been deemed to have been rejected." *City of Stockton v. Superior Court* (2007) 42 Cal. 4th 730, 738, citing Cal. Gov't. Code § 945.4. Failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity. (*Id.*) If a claim has been rejected, suit must be brought "not later than six months after the date such notice is personally delivered or deposited in the mail." Cal. Gov't Code § 945.6. This applies to the County and its employees. Cal. Gov't. Code § 950.2.

Plaintiff has alleged that he filed a government claim which was denied on January 9, 2018. Comp. ¶21. The Instant Action was filed on April 2, 2019, well over one year after the initial claim was denied. Accordingly, the CGCA claim is late, and any state law claim cannot be maintained by the plaintiff.

The plaintiff cannot avail himself of equitable tolling either:

---

> [A]ppellants contend equitable tolling excuses them from complying with section 945.6 a second time. Under equitable tolling, the statute of limitations in one forum is tolled as a claim is being pursued in another forum. Here, however, appellants pursued successive claims in the same forum, and therefore equitable tolling did not apply. But, even assuming it did, it does not help appellants because the Act's six-month statute of limitations would have been tolled only for the twenty-seven months appellants' first complaint was pending before its voluntary dismissal in May 1992. After May 1992, the six-month period would have started to run again and would have long since expired by the time appellants filed their second complaint almost five years later.

*Martell*, 67 Cal. App. 4th at 985.

As *Martell* makes clear, successive suits in the same jurisdiction – as is the case with this plaintiff – do not toll the six-month time limit to file a lawsuit. Like *Martell* also points out, even if a pending action did toll the statute of limitations, the time limit starts running again upon dismissal, and taken together the combined time between the initial denial and the first lawsuit – January 9, 2018 and July 6, 2018, three days shy of six months – and the delay between the dismissal of the Related Case and the filing of the Instant Action – 28 days between March 4, 2019 and April 2, 2019 – amounts to more than the six-month time frame to bring state court actions against a public entity and its employees. Various court have warned that, "a party's voluntary dismissal without prejudice does not come equipped by law with an automatic tolling or waiver of all relevant limitations periods; instead, such a dismissal includes the very real risk that an applicable statute of limitations will run before the party is in a position to renew the dismissed cause of action." *Hill v. City of Clovis*, 63 Cal. App. 4th 434, 445 (1998). Such is the case here; the six-month time period in which to file suit lapsed by either measure prior to the Instant Action, and any state law claims are barred.

### 2. The CGCA Claim Is Insufficient to Support the Cause of Action Against All Defendants for All Alleged Malpractice

If the plaintiff's state law claims are not barred by the lapsed time to bring a cause of action, most are barred by the failure to claim them in his government claim. The filing of a proper claim pursuant to California Government Code section 910 is a condition precedent to the maintenance of an action against the state for damages caused by tort. *Donohue v. State of California*, 178 Cal. App. 3d 795, 802 (1986). "If a plaintiff relies on more than one theory of recovery against the State, each cause of action must have been reflected in a timely claim. In

1    addition, the factual circumstances set forth in the written claim must correspond with the facts

2    alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a

3    demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written

4    claim." *Nelson v. State of California*, 139 Cal. App. 3d 72, 79 (1982).  "When there is an

5    attempt to assert not merely a new theory, but liability on an entirely different state of facts, the

6    failure to state a claim on the latter facts will defeat amendment of the complaint. *Shelton v.*

7    *Superior Court*, 56 Cal. App. 3d 66, 82-83 (1976).

8         As indicated in Section Three of the plaintiff's tort claim, the plaintiff claims that he

9    "was not given insulin and not given the correct amount of insulin, despite parent and attorney

10   advising jail/medical staff repeatedly that he is a diabetic with worsening symptoms."  RJN,

11   Ex. A.  He then alleges in Section Four that the particular act or omission of the defendants

12   was, the "[f]ailure to provide treatment for serious medical need of proper amount of insulin to

13   treat diabetes." *Id*.

14        The plaintiff's only state law claim is related to the failure to treat his diabetes, and not

15   related to his cell placement, the denial of back surgery, the provisions of pain medication, or

16   to his infection.  The claimed damages and negligent acts in the complaint are distinct and

17   isolated from the claim save for the administration of insulin.  All other claims, injuries and

18   bases for liability not related to the plaintiff's diabetes care cannot be maintained.

19   **VI.    CONCLUSION**

20        Plaintiff's ADA and RA claims fail because they are barred by res judicata.  If not res

21   judicata, then they are barred based on inadequate pleadings and the axiom that the ADA and

22   RA are not a substitute for a medical malpractice claim.  The plaintiff's final cause of action

23   //

24   //

25   //

26   //

27   //

28   //

---

DEFENDANTS' MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES  - Case No. 19-01716                                                    11

for general negligence is also barred by operation of the CGCA.  Based on the foregoing, this motion should be granted and the subject causes of action dismissed without leave to amend.

DATED:  June 14, 2019                    SHARON L. ANDERSON
                                         COUNTY COUNSEL


                                         By:  _____*/s/ D. Cameron Baker*_____
                                              JASON W. MAUCK
                                              Deputy County Counsel
                                              Attorneys for Defendants
                                              CONTRA COSTA COUNTY,
                                              JANE T. HIMMELVO,
                                              JESSICA HAMILTON, PAUL MANAUT,
                                              VUTHY SEAN JENKINS,
                                              SAMIRA A. ADAAN, KIRBY BRACKEL,
                                              and ALLEN E. DE LA CRUZ