1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18
19
20

| | |
|---|---|
| NICHOLAS JACOBSON,<br><br>    Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY, JANE T. HIMMELVO, JESSICA HAMILTON, PAUL MANAUT, VUTHY SEAN JENKINS, SAMIRA A. ADAAN, KIRBY BRACKEL, ALLEN E. DE LA CRUZ, and DOES 1-20,<br><br>    Defendants. | No. C19-01716 WHA<br><br>[PROPOSED] ORDER ON DEFENDANTS CONTRA COSTA COUNTY, JANE T. HIMMELVO, JESSICA HAMILTON, PAUL MANAUT, VUTHY SEAN JENKINS, SAMIRA A. ADAAN, KIRBY BRACKEL AND ALLEN DE LA CRUZ'S MOTION TO DISMISS COMPLAINT<br><br>Date:      July 25, 2019<br>Time:      8:00 a.m.<br>Crtrm:     12, 19th Floor<br>Judge:     Hon. William Alsup<br>Action Filed: April 2, 2019<br>Trial Date:  None Assigned |

21
22      Defendants Contra Costa County, Jane T. Himmelvo, Jessica Hamilton, Paul Manaut,
23  Vuthy Sean Jenkins, Samira A. Adaan, Kirby Brackel and Allen De La Cruz, having moved
24  this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's
25  complaint, the motion having come before the Court on the regular calendar, and having
26  considered the papers filed by the parties with respect to this motion, the oral argument of
27  counsel, and the records in the Court's file, the Court hereby ORDERS as follows:
28  //

Defendant Contra Costa County's motion to dismiss is GRANTED as to the following:

1. Plaintiff's claims under the Americans with Disabilities Act ("ADA") or Rehabilitation Act ("RA") are barred by res judicata. Unless a dismissal order states otherwise, an involuntary dismissal operates as an adjudication on the merits. Fed R. Civ Proc. 41. *See also Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981). Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits, and (3) identity or privity between parties." *Stewart v. United States Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

It is clear that the ADA and RA claims are the same between the lawsuit previously filed by the plaintiff (18-cv-04070, the "Related Case"), and the case at bar. *Compare* ECF 1, *with* Related Case, ECF 12. Second, this Court's order concerning the ADA and RA causes of action in the Related Case was on the merits; plaintiff was <u>not</u> granted leave to amend, only the ability to file a motion to seek amendment – relief which was never granted. Third, the matter is certainly between the same parties as the County was a defendant in the Related Case and is a defendant in the case at issue. Accordingly, the plaintiff's ADA and RA claims are barred by the termination of the Related Case.

2. Even if ADA and RA claims are not barred by Res Judicata, the allegations of the complaint cannot maintain an ADA or RA cause of action. To prove a violation of Title II of the ADA, a plaintiff must show: "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997) (quoting 42 U.S.C. § 12132). The Rehabilitation Act, in turn, provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected

to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

Here, plaintiff alleges that the County denied him use of a wheelchair even though defendants knew he could not walk and suffered from excruciating pain. While this may support plaintiff's claim that defendants failed to provide him with adequate medical care, it is inadequate to plausibly suggest that defendants denied him services or a reasonable accommodation because of plaintiff's disability. As our court of appeals has explained, "the ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010).

3. Plaintiff's state law claims are barred by the tolling of the statute of limitations. "[N]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim therefor has been presented to the public entity and has been acted upon or has been deemed to have been rejected." *City of Stockton v. Superior Court* (2007) 42 Cal. 4th 730, 738, citing Cal. Gov't. Code § 945.4. Failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity. (*Id*.) If a claim has been rejected, suit must be brought "not later than six months after the date such notice is personally delivered or deposited in the mail." Cal. Gov't Code § 945.6.

Here plaintiffs alleged that he filed a government claim which was denied on January 9, 2018. Comp. ¶21. This action was filed on April 2, 2019, well over one year after the initial claim was denied. Accordingly, the California Government Claims Act ("CGCA") claim is late, and any state law claim cannot be maintained by the plaintiff.

Plaintiff cannot avail himself of equitable tolling to expand the statute of limitations either. Lawsuits brought in the same forum do not serve to toll a statute of limitations under state law. *Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 985 (1998). Plaintiff had six months to file suit from January 9, 2018, since he waited until April 2, 2019, to bring this action, the state law claims are time barred and dismissed without leave to amend.

//

4. Even if the state law claim were not time barred the causes of action in the complaint exceed the allegations in the CGCA claim. "If a plaintiff relies on more than one theory of recovery against the State, each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Nelson v. State of California*, 139 Cal. App. 3d 72, 79 (1982). "When there is an attempt to assert not merely a new theory, but liability on an entirely different state of facts, the failure to state a claim on the latter facts will defeat amendment of the complaint. *Shelton v. Superior Court*, 56 Cal. App. 3d 66, 82-83 (1976).

The plaintiff's CGCA claim solely concerned the proper administration of insulin. Here, the plaintiff makes a medical malpractice claim related to his broken back and a serious infection, neither of which are mentioned in the CGCA claim. The court finds that these are distinct from the failure to provide insulin at issue in the CGCA claim and, therefore, would be dismissed from the state law medical malpractice claim if that claim was not already time barred.

IT IS SO ORDERED.

DATED: _____       By: _____
                                   HON. WILLIAM ALSUP
                                   United States District Judge