IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS JACOBSON,

    Plaintiff,

v.

CONTRA COSTA COUNTY, JANE T. HIMMELOVO, JESSICA HAMILTON, PAUL MANAUT, VUTHY SEAN JENKINS, SAMIRA A. ADAAN, KIRBY BRACKEL, ALLEN E. DE LA CRUZ, AND DOES 1-20,

    Defendants.

No. C 19-01716 WHA

**ORDER GRANTING MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE**

## INTRODUCTION

In this civil rights action, defendants move to dismiss plaintiff's Americans with Disabilities Act, Rehabilitation Act, and negligence claims. For the following reasons, the motion is **GRANTED**.

## STATEMENT

In June 2017, plaintiff was admitted to Sutter Health Memorial Hospital with a lumbar spinal fracture following a car accident. He was then released from the hospital and admitted to the Martinez Detention Facility (MDF). Plaintiff alleges that at MDF, he received inadequate medical care. For example, he claims he was not given the proper dosage of pain medication or insulin to treat his diabetes and leg cysts, which ultimately caused him to fall into two comas. Furthermore, he alleges he was not provided with a wheelchair or back brace, and needed to climb and descend two flights of stairs to access the nursing station for several days. He further

alleges he did not receive back surgery until weeks after the pain had become excruciating and that he was handcuffed and leg-shackled for up to 30 hours at a time while he was incapacitated (Compl. ¶¶ 24, 25, 42, 46, 51, 55).

In December 2017, plaintiff filed a government claim. The claim was rejected in January 2018 (Br. At 4). In July 2018, plaintiff filed his initial lawsuit (Case No. 18-cv-04070-WHA) (the related case). Plaintiff then moved to amend the complaint prior to any responsive pleading. Defendants moved to dismiss the first amended complaint in November 2018. The order granted defendants' motion to dismiss plaintiff's claims of action under the ADA, the Rehabilitation Act, and the California Disabled Persons Act. The order denied defendants' motion to dismiss plaintiff's claims of action under the Fourteenth Amendment, the California Bane Act, and negligence. The order stated that plaintiff could seek leave to amend the dismissed claims by January 31, 2019. Plaintiff filed a second amended complaint on January 31, but did not file a motion for leave to amend until February 7. Plaintiff then voluntarily dismissed his case without prejudice on March 4 before the hearing on the motion could take place (Dkt. Nos. 1, 12, 15, 23, 26, 28, 35).

In April 2019, plaintiff filed the complaint in the instant action, which was re-assigned as a related case. Plaintiff alleges that defendants violated the Fourteenth Amendment, the ADA, the Rehabilitation Act, and were negligent. Defendants move to dismiss (Dkt. No. 8). This order follows full briefing and oral argument.

**ANALYSIS**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when its factual allegations, rather than mere conclusory statements, create the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, we must accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008).

Conclusory allegations or "formulaic recitation of the elements" of a claim, however, are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 681.

### 1. ADA AND REHABILITATION ACT CLAIMS

#### A. Res Judicata

Plaintiff has alleged that Contra Costa County violated Title II of the ADA and the Rehabilitation Act. Defendant Contra Costa County has moved to dismiss on the basis that these two claims are barred by res judicata. Res judicata applies when there is (1) a final judgment on the merits, (2) privity between the parties, and (3) an identity of claims. *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).

The parties do not disagree that the two cases share the same claims of action under the ADA and the Rehabilitation Act against the County (Case No. 18-cv-04070-WHA, Amd. Compl. ¶¶ 43–52; Case No. 19-cv-01716-WHA, Compl. ¶¶ 63–71). The parties also do not disagree that privity exists between the parties as the plaintiff in the cases is the same and Contra Costa County is the defendant in both claims.

The main point of contention is whether a final judgment on the merits occurred. An order that dismisses a complaint with prejudice or without leave to amend is considered a final judgment on the merits. *Nnachi v. City of San Francisco*, No. C 10-00714-MEJ, 2010 WL 3398545, at *1 (N.D. Cal. Aug. 27, 2010). An order that grants leave to amend is not a final judgment on the merits.

Defendant claims a final judgment on the merits occurred when the Court dismissed plaintiff's ADA and Rehabilitation Act claims in the related case and plaintiff voluntarily dismissed the case before the Court could determine whether plaintiff's delayed motion for leave to file a second amended complaint should be granted (Br. At 5). Defendant relies heavily on *Stewart v. U.S. Bancorp* in which our court of appeals found an action that was dismissed without reference as to whether it was with or without prejudice was a final judgment on the merits. 297 F.3d 953, 956 (9th Cir. 2002). The plaintiffs in *Stewart* did not amend nor seek leave to amend their complaint (*id.* at 959).

3

The key distinguishing factors here are that the order in the related case dismissed the first amended complaint and allowed plaintiff to move for leave to amend. Our plaintiff here also filed (although done in a procedurally incorrect manner) a second amended complaint and motion for leave to amend. It was not until plaintiff voluntarily dismissed his case without prejudice that his second motion for leave to amend was denied as moot. Because plaintiff was allowed to seek leave to amend initially, the dismissal was not a final judgment on the merits, especially because plaintiff then chose to file an amended complaint and a motion for leave to amend. Plaintiff's choice to dismiss his second amended complaint without prejudice and the Court's subsequent dismissal of his motion for leave to amend as moot did not constitute a final judgment on the *merits* either. Because a final judgment on the merits did not occur, res judicata does not apply. This order will analyze whether the current claims under the ADA and the Rehabilitation Act have been adequately pled.

**B. Sufficient Pleading**

To prove a violation under Title II of the ADA, the plaintiff must demonstrate he is: (1) an individual with a disability, (2) is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.,* 114 F.3d 976, 978 (9th Cir. 1997) (quoting 42 U.S.C. § 12132). Furthermore, the Rehabilitation Act states, "No otherwise qualified individual with a disability in the United States. . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

Here, plaintiff alleges in his complaint that he had a back injury and was not provided a brace or wheelchair to treat the injury. He further alleges that because of such inadequate assistance, he was deprived access to the nurse's station, the jail's telephone, the television room, and visitation with his family and lawyer (Compl. ¶¶ 42, 55).

4

Similar to the complaint from the related case, plaintiff is only pleading that he received inadequate medical care and the effects of such inadequate medical care. He does not provide any authority as to why such allegations are sufficient under the ADA and the Rehabilitation Act. The ADA and the Rehabilitation Act "prohibit discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cty.,* 609 F.3d 1011, 1022 (9th Cir. 2010). It is inadequate to plausibly suggest from the complaint that defendant denied plaintiff services or access to facilities *by reason of* his disability. Accordingly, defendant's motion to dismiss Counts Three and Four as to Contra Costa County is **GRANTED**.

### 2. NEGLIGENCE CLAIM

Plaintiff has alleged negligence under California state law against defendants Himmelvo, Hamilton, Manaut, Jenkins, Adaan, and Doe Defendants, who are medical professionals lawfully engaged in the practice of the healing arts who have treated plaintiff. Defendants move to dismiss this state law claim on the basis that it is time-barred under California Government Code § 945.4 which states that if a claim for money or damages to a public entity has been rejected, a suit must be brought "not later than six months after the date such notice is personally delivered or deposited in the mail." Plaintiff filed a government claim that was denied on January 9, 2018. He then filed the instant action on April 2, 2019. Although the statute of limitations would normally be a matter of avoidance and thus for the answer rather than a motion to dismiss, the proposed complaint on its face recites that the government claim was denied on January 9, 2018 (Compl. at ¶ 21). Thus any of the state law claims subject to the six-month statute of limitations are time-barred unless saved by section 1367(d) which states:

> The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

Plaintiff claims because he voluntarily dismissed his complaint on March 4, 2019, and filed the complaint in the instant case on April 2, 2019, the current filing is within the 30-day period mandated by the statute (Opp. at 6).

5

This order construes section 1367(d) to be part of a statutory scheme that addresses situations where a federal court dismisses or a plaintiff voluntarily dismisses state law claims that are then re-filed *in state court*. In this regard, this order finds the following language from *Artis v. District of Columbia* instructive.

> If a district court declines to exercise jurisdiction over a claim asserted under § 1367(a) and the plaintiff wishes to continue pursuing it, she must refile the claim in state court. If the state court would hold the claim time barred, however, then, absent a curative provision, the district court's dismissal of the state-law claim without prejudice would be tantamount to a dismissal with prejudice. *See, e.g., Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 352, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (under the doctrine of pendent jurisdiction, if the statute of limitations on state-law claims expires before the federal court "relinquish[es] jurisdiction[,] ... a dismissal will foreclose the plaintiff from litigating his claims"). To prevent that result, § 1367(d) supplies "a tolling rule that must be applied by state courts." *Jinks*, 538 U.S., at 459, 123 S.Ct. 1667.

138 S. Ct. 594, 599 (2018).

Section 1367(d) has nothing to do with the immediate problem in which a plaintiff voluntarily dismisses his claims in federal court only to re-file the very same claims in the very same federal court. Accordingly, this order holds section 1367(d) does not apply and that the statute of limitations bars the state claims at issue.

Plaintiff also argues that because he timely filed his government claim and his complaint in the previous case, equitable tolling applies for the same claims in this case. As defendants have contended, however, successive identical claims pursued in the same forum are not entitled to equitable tolling. *Mitchell v. Snowden,* 700 F. App'x 719, 720 (9th Cir. 2017). In particular, the fact that plaintiff timely filed his claims in the related case is not enough to warrant equitable tolling for the same claims re-filed in the same venue. The three *Fink* factors cited in plaintiff's opposition are not analyzed in such a scenario. *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999). Accordingly, defendants' motion to dismiss Count Five is **GRANTED**.

### 3. REQUEST FOR JUDICIAL NOTICE

Courts may take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FRE 201(b). "[M]atters of public record" are the appropriate

subjects of judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). The order accordingly **GRANTS** defendants' unopposed request to judicially notice: (1) plaintiff's government claim received by Contra Costa County dated December 11, 2017, and the rejection dated January 9, 2018, (2) plaintiff's first amended complaint from the related case, and (3) the Order Re Motion to Dismiss from the related case.

## CONCLUSION

For the reasons stated, defendants' motion to dismiss the ADA and the Rehabilitation Act claims (Counts Three and Four) against Contra Costa County are **GRANTED**. Defendants' motion to dismiss the negligence claim (Count Five) against defendants Himmelvo, Hamilton, Manaut, Jenkins, Adaan, and Doe Defendants, who are medical professionals lawfully engaged in the practice of the healing arts who have treated plaintiff is also **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 5, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE