SHARON L. ANDERSON (SBN 94814)
County Counsel
JASON W. MAUCK (SBN 255133)
Deputy County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, Ninth Floor
Martinez, California 94553
Telephone: (925) 335-1800
Facsimile: (925) 335-1866
Electronic Mail: jason.mauck@cc.cccounty.us

Attorneys for Defendants
CONTRA COSTA COUNTY, JANE T. HIMMELVO,
JESSICA HAMILTON, PAUL MANAUT,
VUTHY SEAN JENKINS, SAMIRA A. ADAAN,
KIRBY BRACKEL and ALLEN DE LA CRUZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS JACOBSON,<br><br>    Plaintiff,<br><br>v.<br><br>CONTRA COSTA COUNTY, JANE T. HIMMELVO, JESSICA HAMILTON, PAUL MANAUT, VUTHY SEAN JENKINS, SAMIRA A. ADAAN, KIRBY BRACKEL, ALLEN E. DE LA CRUZ, and DOES 1-20,<br><br>    Defendants. | No. C19-01716 WHA<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT<br><br>Crtrm: 12, 19th Floor<br>Judge: Hon. William Alsup, Presiding<br>Date Action Filed: April 2, 2019<br>Trial Date: None Assigned |

Defendants CONTRA COSTA COUNTY ("County"), Jane T. Himmelvo, M.D., Jessica Hamilton, M.D., Paul Manaut, N.P., Vuthy Sean Jenkins, R.N., Samira A. Adaan, L.V.N., Kirby Brackel and Allen De La Cruz hereby answers plaintiff Nicholas Jacobson's complaint as follows:

**ANSWER**

1. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

2. Defendants admit that plaintiff arrived at the Martinez Detention Facility ("MDF") with type 1 diabetes and a broken back. As to the remainder of the paragraph, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the remaining allegations contained therein.

3. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

4. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

5. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

6. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

7. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies the allegations contained therein.

8. Defendants admit that jurisdiction is proper pursuant to 28 U.S.C. §§1343(a)(3) and (a)(4), but deny, generally and specifically, each and every remaining allegation contained in this paragraph as the applicable causes of action have been dismissed.

9. Admit.

10. Admit.

11. Defendants admit that plaintiff was twenty-eight years old at the time the complaint was filed, but deny, generally and specifically, each and every other allegation contained in this paragraph.

12. Defendants deny, generally and specifically, each and every allegation contained in this paragraph as the County is not longer a party to this action.

//

//

13. Defendants admit that Jane Himmelvo, M.D., provided medical care to plaintiff while he was incarcerated at MDF, but deny, generally and specifically, each and every other allegation contained in this paragraph.

14. Defendants admit that Jessica Hamilton, M.D., provided medical care to plaintiff while he was incarcerated at MDF, but deny, generally and specifically, each and every other allegation contained in this paragraph.

15. Defendants admit that Paul Manaut, N.P., provided medical care to plaintiff while he was incarcerated at MDF, but deny, generally and specifically, each and every other allegation contained in this paragraph.

16. Defendants admit that Vuthy Sean Jenkins, R.N., provided medical care to plaintiff while he was incarcerated at MDF, but deny, generally and specifically, each and every other allegation contained in this paragraph.

17. Defendants admit that Samira A. Adaan, L.V.N., served as a licensed vocational nurse while plaintiff was incarcerated at MDF, but deny, generally and specifically, each and every other allegation contained in this paragraph.

18. Defendants object to this paragraph as it is vague as to time, but admit the remainder.

19. Defendants object as this paragraph as it is vague as to time, but admit the remainder.

20. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

21. Plaintiff has no pending state law claims, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

22. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

23. Admit.

24. Admit.

1    25.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

2    26.   Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

3    27.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

4    28.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

5    29.   Defendants deny, generally and specifically, that plaintiff's diabetes was being "grossly mismanaged" or "treated properly." Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations in the remainder of the paragraph, and on that basis, deny the remaining allegations contained in this paragraph.

6    30.   Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

7    31.   Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

8    32.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

9    33.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

10   34.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

11   35.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

//

36. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

37. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

38. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

39. Defendants admit that plaintiff was diagnosed with a lumbar spine fracture prior to being incarcerated at MDF. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained herein, and on that basis deny the remaining allegations contained in this paragraph.

40. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

41. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

42. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

43. Defendants admit that plaintiff underwent surgeries on his back. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained herein, and on that basis deny the remaining allegations contained in this paragraph.

44. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

//

1   45.   Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

46.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

47.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

48.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

49.   Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

50.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

51.   Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

52.   Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

53.   Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

54.   Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

55.   Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

56. Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

57. Admit.

58. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

59. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

60. Defendants admit that plaintiff brings his second cause of action against the named defendants, but deny, generally and specifically, each and every remaining allegation contained in this paragraph.

61. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

62. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

63. Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

64. Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

65. Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

66. Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

//

67. Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

68. Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

69. Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

70. Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

71. Plaintiff's disability discrimination causes of action have been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

72. Plaintiff's state law negligence cause of action has been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

73. Plaintiff's state law negligence cause of action has been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

74. Plaintiff's state law negligence cause of action has been dismissed, and on that basis Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

## **AFFIRMATIVE DEFENSES**

75. Further answering the Complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that the

//

Complaint fails to include sufficient facts to properly state a claim for relief against Defendants.

76. Further answering the Complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that the Complaint, and each and every claim for relief therein, is barred by provisions of 42 U.S.C. section 1983, and every other limitations period applicable to each and every claim for relief alleged in the Complaint.

77. Further answering the Complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that Plaintiff's action is barred by the equitable doctrines of laches, estoppel, and waiver, in that Plaintiff unreasonably delayed in taking action and/or making the claims alleged in this lawsuit with respect to the events alleged in the Complaint, even though he knew or should have known in the exercise of reasonable diligence of the injuries and causes of injuries alleged in the Complaint.

78. Further answering the Complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that Plaintiff failed to exhaust his administrative remedies, including those remedies available pursuant to the Prison Litigation Reform Act, and his claims, and each of them, are barred thereby.

79. Further answering the Complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that Plaintiff failed to mitigate his damages, and said damages are reduced or eliminated in proportion to said failure to mitigate.

80. Further answering the Complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that the Plaintiff was himself negligent and/or acted unlawfully, and that Plaintiff's conduct was a proximate and/or legal cause of his alleged damages both in whole or in part.

81. Further answering the Complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that at all

relevant times alleged in the Complaint, the Defendants acted reasonably and in good faith under all the circumstances known, and not in violation of any clearly established right of Plaintiff's of which a reasonable official in any Defendant's position would have known, and Defendants are, therefore, entitled to qualified immunity.

82. Further answering the Complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that Plaintiff has acted inequitably and/or has failed to act equitably, and to that extent, Plaintiff's action and/or recovery in this action are barred by the equitable doctrine of unclean hands.

## **PRAYER**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by his Complaint;
2. That this action be dismissed in its entirety;
3. That Defendants be awarded costs;
4. That Defendants be awarded attorneys' fees and expenses of suit against Plaintiff as provided by law; and
5. For such other and further relief that the Court deems just and proper.

## **JURY TRIAL DEMAND**

Answering Defendant demands trial by jury in this action on all claims as to which the right to trial by jury attaches.

DATED: September 19, 2019

SHARON L. ANDERSON
COUNTY COUNSEL

By: */s/ Jason W. Mauck*
JASON W. MAUCK
Deputy County Counsel
Attorneys for Defendants
COUNTY OF CONTRA COSTA