IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS JACOBSON,

    Plaintiff,

v.

CONTRA COSTA COUNTY, JANE T. HIMMELOVO, JESSICA HAMILTON, PAUL MANAUT, VUTHY SEAN JENKINS, SAMIRA A. ADAAN, KIRBY BRACKEL, ALLEN E. DE LA CRUZ, AND DOES 1-20,

    Defendants.

No. C 19-01716 WHA

**ORDER RE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF DISABILITY CLAIMS**

In July 2018, plaintiff Nicholas Jacobsen filed his initial lawsuit (Case No. 18-cv-04070-WHA) (the related case) alleging defendants violated the Fourteenth Amendment, Americans with Disabilities Act, the Rehabilitation Act, the California Disabled Persons Act, and the Bane Act, and were negligent and committed assault and battery. Defendants moved to dismiss the complaint in November 2018 and an order granted the motion to dismiss the claims under the ADA, the Rehabilitation Act, and the California Disabled Persons Act. The order denied defendants' motion to dismiss the claims under the Fourteenth Amendment, the California Bane Act, and negligence. Importantly, the order dismissed plaintiff's ADA claims on the basis that the complaint failed to "plausibly suggest that defendants denied him services or a reasonable accommodation *because of* plaintiff's disability." Plaintiff filed a second amended complaint on January 31, but did not file a motion for leave to amend until February 7. Plaintiff then

voluntarily dismissed his case without prejudice on March 4 before the hearing on the motion could take place (Dkt. Nos. 1, 23, 26, 34).

In April 2019, plaintiff filed the complaint in the instant action stating essentially the same underlying facts and making the same claims of Fourteenth Amendment violations, ADA, and Rehabilitation Act violations, and negligence. Defendants again moved to dismiss the action. An August 2019 order granted the motion to dismiss the ADA and the Rehabilitation Act claims against defendant Contra Costa County as well as the negligence claim against the individual defendants. Now, over four months after the order issued, plaintiff moves for leave to file a motion for reconsideration of the dismissal of his ADA claims (Dkt. Nos. 1, 8, 17, 28).

Motions for reconsideration are governed by Civil Local Rule 7-9, which states in relevant part: "The moving party must specifically show reasonable diligence in bringing the motion and . . . (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

It is unclear why plaintiff waited this long to file a motion for leave to file a motion for reconsideration, and this order questions plaintiff's "reasonable diligence" in filing the motion. Putting that fact aside, plaintiff's motion for leave to file is still insufficient. Plaintiff alleges the Court made a manifest error in dismissing his ADA claim because it "may have based its ruling on plaintiff's failure to allege that the County targeted plaintiff's disability for discriminatory treatment rather than that the County simply knowingly, or with deliberate indifference, fail[ed] to provide accommodation for his disability." As stated in the order granting the motion to dismiss the ADA claim for the instant action as well as the related action, the complaint's allegations that plaintiff was denied a wheelchair and other assistive devices at most allege that defendants failed to provide him with adequate medical care, not an ADA claim. The intent necessary for an ADA or Rehabilitation Act claim was not the reason for the holding. Because plaintiff has not shown a manifest failure by the Court, the motion is **DENIED**

**IT IS SO ORDERED.**

Dated: December 2, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2