IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS JACOBSON,

    Plaintiff,

v.

CONTRA COSTA COUNTY, JANE T. HIMMELVO, JESSICA HAMILTON, PAUL MANAUT, VUTHY SEAN JENKINS, SAMIRA A. ADAAN, KIRBY BRACKEL, ALLEN E. DE LA CRUZ, and DOES 1–20,

    Defendants.

No. C 19-01716 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSE**

## INTRODUCTION

In this civil rights action, plaintiff moves for summary judgment on defendants' affirmative defense. For the reasons below, plaintiff's motion for summary judgment is **DENIED**.

## STATEMENT

In June 2017, plaintiff Nicholas Jacobson entered Sutter Health Memorial Hospital with a lumbar spinal fracture following a car accident. He left the hospital for the Martinez Detention Facility (MDF) as a pretrial detainee between June 21 and July 5, 2017. Plaintiff then transferred to a series of hospitals for treatment. In January 2018, he returned to MDF from the hospital. In April 2019, plaintiff filed this action, alleging that at MDF from June 21, 2017, through July 5, 2017, defendants violated the Fourteenth Amendment, the ADA, the

Rehabilitation Action, and standards of care. He alleges that he received inadequate medical care during his detainment in 2017 at MDF (Dkt. No. 25 at 2–3).

Plaintiff now moves for summary judgment pursuant to Rule 56 on defendants' affirmative defense that plaintiff failed to exhaust administrative remedies. Defendants oppose and ask the court for judgment in their favor. This order follows full briefing and oral argument (Dkt. Nos. 25, 30, 35).

**ANALYSIS**

Summary judgment is granted under Rule 56 when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." A district court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there is any genuine issue of material fact. *Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007). A fact is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91 (footnote omitted).

1. **GRIEVANCE PROCEDURE.**

This order holds that genuine issues of material facts exist as to defendants' affirmative defense that plaintiff did not exhaust his administrative remedies. Defendants bear the burden to "prove that there was an available administrative remedy, and that prisoner did not exhaust that

2

available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Once defendants meet that burden, the inmate has the burden of production to show that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Ibid.* The Custody Services Bureau, a division of Contra Costa County, governs MDF's policy and facilities. Defendants rely on those policies constituting five to six pages of administrative remedies, which include the grievance and appeals procedures. Defendants allege that plaintiff failed to exhaust the administrative remedies laid out in MDF's policy as they were available to him. Plaintiff, however, argues that MDF did not make those remedies "available" to him.

A genuine issue of material fact exists as to whether MDF notified plaintiff about the grievance procedure. The PLRA applicability turns on this disputed fact. Plaintiff contends that MDF failed to notify him of the grievance procedure because MDF did not provide him a copy of its policies for grievances and appeals. Defendants counter that MDF made its policy and procedure for grievances and appeals known to all inmates — including plaintiff. Defendants point to the fact that when MDF admits inmates, MDF requires them to watch an orientation video which provides an overview of MDF's policies and procedures, including a briefing of the grievance policy and where to obtain information regarding the policies. Based on the record, a jury could go either way. Therefore, there is a fact question.

A material fact also exists as to whether MDF made the administrative remedies "available" to plaintiff within the meaning of MDF's policy. The grievance policy states that formal grievances must be submitted "within 48 hours of the date of the incident or condition" (Katon Decl. Exhs. A–C). Plaintiff claims that he did not have the capacity to exhaust his administrative remedies during his detainment in 2017 due to his injuries. Plaintiff could have filed his grievances when he returned to MDF in 2018, defendants reply, instead plaintiff delayed the process until February 2019. It remains disputed as to whether MDF made the administrative remedies "available" to plaintiff after the 48-hour period. Therefore, a factual question exists, and the motion for summary judgment is denied.

**2.    EVIDENTIARY OBJECTIONS.**

Plaintiff objects to the Michael Brumfield and Elizabeth Berryman declarations and the exhibits submitted with defendants' opposition brief. Because consideration of those declarations and exhibits would not change the outcome of this order, the objections are **OVERRULED AS MOOT**.

## CONCLUSION

For the reasons above, plaintiff's motion for summary judgment is **DENIED**. Defendants' request for an order granting summary judgment in their favor *sua sponte* is also **DENIED**.

**IT IS SO ORDERED.**

Dated: December 20, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE