SHARON L. ANDERSON (SBN 94814)
County Counsel
JASON W. MAUCK (SBN 255133)
Deputy County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, Ninth Floor
Martinez, California 94553
Telephone:   (925) 335-1800
Facsimile:    (925) 335-1866
Electronic Mail: jason.mauck@cc.cccounty.us

Attorneys for Defendants
JANE T. HIMMELVO, M.D., JESSICA HAMILTON, M.D., PAUL MANAUT, N.P.,
VUTHY SEAN JENKINS, R.N., SAMIRA A. ADAAN, L.V.N., KIRBY BRACKEL,
ALLEN DE LA CRUZ, MATTHEW GAUTHIER, SCOTT HOSHI-NAGAMOTO, ROSE WOHN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS JACOBSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JANE T. HIMMELVO, JESSICA HAMILTON, PAUL MANAUT, VUTHY SEAN JENKINS, SAMIRA A. ADAAN, KIRBY BRACKEL, ALLEN E. DE LA CRUZ, MATTHEW GAUTHIER, SCOTT-HOSI-NAGAMOTO, ROSE WOHN, and DOES 1-20,<br><br>　　　　Defendants. | No. C19-01716 WHA<br><br>DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT<br><br>Crtrm:  12, 19th Floor<br>Judge:  Hon. William Alsup, Presiding<br>Date Action Filed: April 2, 2019<br>Trial Date:  None Assigned |

Defendants Jane T. Himmelvo, M.D., Jessica Hamilton, M.D., Paul Manaut, N.P., Vuthy Sean Jenkins, R.N., Samira A. Adaan, L.V.N., Kirby Brackel, Allen De La Cruz, Matthew Gauthier, Scott Hoshi Magamoto and Rose Wohn hereby answers plaintiff Nicholas Jacobson's amended complaint as follows:

**ANSWER**

1. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

---

DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT - Case No. C19-01716 WHA　　　　1

2. Defendants admit that plaintiff arrived at the Martinez Detention Facility ("MDF") with type 1 diabetes and a broken back. As to the remainder of the paragraph, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the remaining allegations contained therein.

3. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

4. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

5. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

6. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Defendants admit that Jane Himmelvo, M.D., provided medical care to plaintiff while he was incarcerated at MDF. As to the remainder of the paragraph, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the remaining allegations contained therein.

12. Defendants admit that Jessica Hamilton, M.D., provided medical care to plaintiff while he was incarcerated at MDF. As to the remainder of the paragraph, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the remaining allegations contained therein.

13. Defendants admit that Paul Manaut, N.P., provided medical care to plaintiff while he was incarcerated at MDF. As to the remainder of the paragraph, Defendants do not

//

have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the remaining allegations contained therein.

14. Defendants admit that Vuthy Sean Jenkins provided medical care to plaintiff while he was incarcerated at MDF. Defendants deny that Vuthy Jenkins is a Licensed Vocational Nurse. As to the remainder of the paragraph, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the remaining allegations contained therein.

15. Defendants admit that Samira A. Adaan, L.V.N., served as a licensed vocational nurse while plaintiff was incarcerated at MDF. As to the remainder of the paragraph, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the remaining allegations contained therein.

16. Defendants object to this paragraph as it is vague as to time, but admit defendant Brackel maintained custody of plaintiff, at times, while he was hospitalized. As to the remainder of the paragraph, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the remaining allegations contained therein.

17. Defendants object to this paragraph as it is vague as to time, but admit defendant De La Cruz maintained custody of plaintiff, at times, while he was hospitalized. As to the remainder of the paragraph, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the remaining allegations contained therein.

18. Defendants object to this paragraph as it is vague as to time, but admit defendant Gauthier maintained custody of plaintiff, at times, while he was hospitalized. As to the remainder of the paragraph, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the remaining allegations contained therein.

//

19. Defendants object to this paragraph as it is vague as to time, but admit defendant Hoshi-Nagamoto maintained custody of plaintiff, at times, while he was hospitalized. As to the remainder of the paragraph, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the remaining allegations contained therein.

20. Defendants object to this paragraph as it is vague as to time, but admit defendant Wohn maintained custody of plaintiff, at times, while he was hospitalized. As to the remainder of the paragraph, Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the remaining allegations contained therein.

21. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

22. Admit.

23. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

24. Defendants object that this paragraph is vague as pled and as to time. Defendants admit that plaintiff was moved from an upper tier to a lower tier room after his admission to MDF. Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

25. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

26. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

27. Defendants admit that plaintiff's blood sugars fluctuated between June 21 and June 31. Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

28. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

29. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

30. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

31. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

32. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

33. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

34. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

35. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

36. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

37. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

38. Defendants admit that plaintiff was diagnosed with a lumbar spine fracture prior to being incarcerated at MDF. Defendants do not have sufficient knowledge or information to

form a belief as to the truth of the remaining allegations contained herein, and on that basis deny the remaining allegations contained in this paragraph.

39. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

40. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

41. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

42. Defendants admit that plaintiff underwent surgeries on his back. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained herein, and on that basis deny the remaining allegations contained in this paragraph.

43. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

44. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

45. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

46. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

47. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

48. Defendants deny that they ignored any infection in plaintiff. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remainder of

//

the allegations contained herein, and on that basis deny the allegations contained in this paragraph.

49. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

50. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

51. Admit.

52. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

53. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

54. Defendants admit that plaintiff brings his second cause of action against the named defendants, but deny, generally and specifically, each and every remaining allegation contained in this paragraph.

55. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

56. Defendants deny, generally and specifically, each and every allegation contained in this paragraph.

## AFFIRMATIVE DEFENSES

57. Further answering the amended complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that the amended complaint fails to include sufficient facts to properly state a claim for relief against Defendants.

58. Further answering the amended and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that the amended complaint, and each and every claim for relief therein, is barred by provisions of 42 U.S.C. section 1983, and every other limitations period applicable to each and every claim for relief alleged in the Amended complaint.

59. Further answering the amended complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that Plaintiff's action is barred by the equitable doctrines of laches, estoppel, and waiver, in that Plaintiff unreasonably delayed in taking action and/or making the claims alleged in this lawsuit with respect to the events alleged in the amended complaint, even though he knew or should have known in the exercise of reasonable diligence of the injuries and causes of injuries alleged in the amended complaint.

60. Further answering the amended complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that Plaintiff failed to exhaust his administrative remedies, including those remedies available pursuant to the Prison Litigation Reform Act, and his claims, and each of them, are barred thereby.

61. Further answering the amended complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that Plaintiff failed to mitigate his damages, and said damages are reduced or eliminated in proportion to said failure to mitigate.

62. Further answering the amended complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that the Plaintiff was himself negligent and/or acted unlawfully, and that Plaintiff's conduct was a proximate and/or legal cause of his alleged damages both in whole or in part.

63. Further answering the amended complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege that at all relevant times alleged in the amended complaint, the Defendants acted reasonably and in good faith under all the circumstances known, and not in violation of any clearly established right of Plaintiff's of which a reasonable official in any Defendant's position would have known, and Defendants are, therefore, entitled to qualified immunity.

64. Further answering the amended complaint and the separate claims for relief therein, and as a further, separate and distinct affirmative defense thereto, Defendants allege

that Plaintiff has acted inequitably and/or has failed to act equitably, and to that extent, Plaintiff's action and/or recovery in this action are barred by the equitable doctrine of unclean hands.

## PRAYER

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by his amended complaint;
2. That this action be dismissed in its entirety;
3. That Defendants be awarded costs;
4. That Defendants be awarded attorneys' fees and expenses of suit against Plaintiff as provided by law; and
5. For such other and further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Answering Defendant demands trial by jury in this action on all claims as to which the right to trial by jury attaches.

DATED: January 9, 2020         SHARON L. ANDERSON
                               COUNTY COUNSEL


                               By:   */s/ Jason W. Mauck*
                                     JASON W. MAUCK
                                     Deputy County Counsel
                                     Attorneys for Defendants